**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

CALVIN EUGENE BARNETT, )
)
        Plaintiff, )
)
v. )    No. CIV 12-354-FHS-SPS
)
JUSTIN JONES, et al., )
)
        Defendants, )

### OPINION AND ORDER

Plaintiff has filed a motion, captioned as "Motion for Leave to File a Third or Fourth Civil Rights Complaint, Pursuant to 42 U.S.C. § 1983, and Leave to Proceed *In Forma Pauperis*" [Docket No. 11]. A review of the document, however, indicates he is attempting, in part, to ask for reconsideration of the court's denial of his motion for leave to proceed *in forma pauperis*, based on his "strikes," pursuant to 28 U.S.C. § 1915(g) [Docket No. 7].

As an initial matter, plaintiff claims to have filed this motion on behalf of all the prisoners incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, and he apparently is requesting class certification. Courts are reluctant to certify a class represented by a pro se litigant, because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Although plaintiff, a pro se litigant, has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; *see, e.g., United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978).

Here, the court finds plaintiff cannot "fairly and adequately protect the interests of the class," and he has not met the requirements of class certification and appointment of class counsel. Fed. R. Civ. P. 23. Therefore, plaintiff is granted leave to file a proper amended complaint on behalf of himself only.

Regarding plaintiff's denied application to proceed *in forma pauperis* in this case, the court previously found he has at least three prior civil rights actions that are "strikes" under § 1915(g):

***Franks v. Okla. State Industries***, No. CIV-92-783-FHS (E.D. Okla. Jan. 14, 1993), *aff'd*, 7 F.3d 971 (10th Cir. 1993). Plaintiff was one of 63 inmates who sued 47 state defendants over whether the inmates should have been paid the minimum wage for their prison jobs. The action was dismissed *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6), because allowing amendment of the complaint would have been futile. *See* Attachment 1 to this Opinion and Order.

***Barnett v. Ray***, No. CIV-09-176-JHP-SPS (E.D. Okla. Jan. 22, 2010), *aff'd* No. 10-7007 (10th Cir. Aug. 23, 2010), *cert. denied*, No. 10-7674 (Jan. 24, 2011). Plaintiff sued prison officials over the alleged loss of his headphones, and the action was dismissed as barred by the statute of limitations, resulting in one strike. The Tenth Circuit Court of Appeals found the appeal was frivolous and assessed a second strike. *See* Attachment 2.

***Barnett v. Corr. Corp. of Am.***, No. CIV-10-348-RAW-SPS (E.D. Okla. July 21, 2011), *aff'd* No. 11-7052 (10th Cir. Nov. 18, 2011). This lawsuit concerning the death of another inmate also was barred by the applicable statute of limitations. *See* Attachment 3.

***Barnett v. Capital Corr. Resources***, No. CIV-W-00-CA-069-WSS (W.D. Tex. May 9, 2001), *aff'd*, No. 01-50934 (5th Cir. June 19, 2002). Plaintiff's claims concerning his incarceration in Texas were dismissed as frivolous. The Fifth Circuit Court of Appeals found the appeal also was frivolous and assessed a second strike. *See* Attachment 4.

Without citation to legal authority, plaintiff argues his cases that are more than ten years old should not count as strikes. There is no time limitation for strikes, however, in 28 U.S.C. § 1915(g), and the Tenth Circuit Court of Appeals has expressly held that prisoner suits dismissed prior to the 1996 enactment of the Prison Litigation Reform Act count as strikes. *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (citing *Green v. Nottingham*, 90 F.3d 415, 418-20 (10th Cir. 1996)). Because plaintiff has at least three strikes, and he

2

has not shown he is in imminent danger of serious physical injury, see 28 U.S.C. § 1915(g), his request for reconsideration of the denial of his *in forma pauperis* application is DENIED. He is directed to forward the entire $350.00 filing fee within twenty (20) days.

Plaintiff also makes allegations concerning the beating of an inmate who witnessed the events in this action, and he complains about the law library. The court assumes these are claims plaintiff wants to present in an amended complaint.

**ACCORDINGLY,**

1. Plaintiff may proceed in this action only on behalf of himself, and his requests for class certification and appointment of class counsel are DENIED.

2. Plaintiff's request for reconsideration of the court's September 13, 2012, order denying leave to proceed *in forma pauperis* is DENIED. He is directed to pay the $350.00 filing fee within twenty (20) days.

3. Plaintiff's request for leave to file an amended civil rights complaint is GRANTED. The amended complaint must include all the allegations and supporting material to be considered by the court, and it may not reference or attempt to incorporate material from plaintiff's original complaint. *See* Local Rule 9.2(c). The Court Clerk is directed to send plaintiff a form and instructions for filing an amended complaint. Plaintiff is granted twenty (20) days to file his amended complaint, but he is advised that this case cannot proceed until the filing fee is paid.

**IT IS SO ORDERED** this __15th__ day of November 2012.

Ronald A. White
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

# ATTACHMENT 1

### *Franks v. Okla. State Industries*, No. CIV 92-783-FHS
### (E.D. Okla. Jan. 14, 1993)

- Docket Sheet--pages 1 and 11.
- Order dismissing action.
- *Franks*, 7 F.3d 971 (10th Cir. 1993), affirming dismissal.

CLOSED

# U.S. District Court
# Eastern District of Oklahoma (Muskogee)
# CIVIL DOCKET FOR CASE #: 6:92-cv-00783-FHS
# Internal Use Only

Franks, et al v. OK State Industries, et al
Assigned to: Judge Frank H. Seay
Demand: $0
Case in other court: 93-07020
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 12/21/1992
Date Terminated: 01/12/1993
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

### Plaintiff

**Alton C. Franks**

represented by **Alton C. Franks**
#96597
SPI-ALFORD
Mack Alford Correctional Center
Box 220
Stringtown, OK 74569
PRO SE

### Plaintiff

**Joseph Osborne**
*#183210*

represented by **Joseph Osborne**
SPI-ALFORD
Mack Alford Correctional Center
Box 220
Stringtown, OK 74569
PRO SE

### Plaintiff

**Michael Tidwell**

represented by **Michael Tidwell**
SPI-ALFORD
Mack Alford Correctional Center
Box 220
Stringtown, OK 74569
PRO SE

### Plaintiff

**Terry Lee Steward**
*#177561*

represented by **Terry Lee Steward**
#177561

**Gilbert Payne**                        represented by **Gilbert Payne**
                                         SPI-ALFORD
                                         Mack Alford Correctional Center
                                         Box 220
                                         Stringtown, OK 74569
                                         PRO SE

**Plaintiff**

**David Speaks**                         represented by **David Speaks**
                                         SPI-ALFORD
                                         Mack Alford Correctional Center
                                         Box 220
                                         Stringtown, OK 74569
                                         PRO SE

**Plaintiff**
**Calvin Barnett**                       represented by **Calvin Barnett**
                                         89599
                                         Oklahoma State Penitentiary
                                         PO Box 97
                                         McAlester, OK 74502-0097
                                         PRO SE

**Plaintiff**

**James Wallace Wolfe**                  represented by **James Wallace Wolfe**
*#91593*                                 SPI-ALFORD
                                         Mack Alford Correctional Center
                                         Box 220
                                         Stringtown, OK 74569
                                         PRO SE

**Plaintiff**

**Dennis Milligan**                      represented by **Dennis Milligan**
                                         SPI-ALFORD
                                         Mack Alford Correctional Center
                                         Box 220
                                         Stringtown, OK 74569
                                         PRO SE

**Plaintiff**

**Ronnie McGowan**                       represented by **Ronnie McGowan**
                                         SPI-ALFORD
                                         Mack Alford Correctional Center

FILED

JAN 14 1993

WILLIAM D. GUTHRIE
Clerk, U.S. District Court
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALTON C. FRANKS, ET AL., )<br>)<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>OKLAHOMA STATE INDUSTRIES, )<br>et al., )<br>        Defendants. ) | No. CIV 92-783-S |

## ORDER

Plaintiffs have paid the $120.00 filing fee to reinstate their action. Plaintiffs are present or former inmates at the Mack Alford Correctional Center in Stringtown, Oklahoma, and they filed this action pursuant to the Federal Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. Plaintiffs' complaint names forty-seven state defendants and alleges that the defendants violated the Fair Labor Standards Act by failing to pay Plaintiffs minimum wage for their work done in prison.

The Tenth Circuit has not addressed the specific issue of whether the minimum wage standard of the FLSA applies to prison labor. The closest it came was in Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991), where the court found a federal prison inmate was not an "employee" under Title VII, the ADEA, the Equal Pay Act of the FLSA, or the Rehabilitation Act.

Other courts have generally declined to extend the federal minimum wage provision to prison inmates. See Miller v. Dukakis, 961 F.2d 7, 8 (1st Cir. 1992); Gilbreath v. Cutter Biological, Inc.,931 F.2d 1320, 1328 (9th Cir. 1991); Alexander v. Sara, Inc., 721 F.2d 149, 150 (5th Cir. 1983); Wentworth v. Solem, 548 F.2d 773, 775 (8th Cir. 1977); Emory v. United States, 2 Cl.Ct. 579, 580 (1983), aff'd 727 F.2d 1119 (Fed. Cir. 1983); Worsley v. Lash, 421 F.Supp 556, 556 (N.D.Ind. 1976); Sims v. Parke Davis & Co., 334 F.Supp. 774, 787 (E.D. Mich. 1971), aff'd 453 F.2d 1259 (6th Cir. 1971), cert. denied, 405 U.S. 978 (1972); Hudgins v. Hart, 323 F.Supp. 898, 899 (E.D. La. 1971); Huntley v. Gunn Furniture Co., 79 F.Supp. 110, 116 (W.D. Mich. 1948). However, there has been disagreement, even within the same circuit. Compare Gilbreath, supra, with Hale v. Arizona, 967 F.2d 1356 (9th Cir. 1992).

After thoroughly researching the issue, it appears patently obvious to this court that Congress did not intend to extend the FLSA's definition of "employee" under the Act to inmates working in prison. The purposes underlying the FLSA and Congress' work with the Ashurst-Sumners Act bolsters the court's conclusion. See Vanskike v. Peters, 974 F.2d 806, 810-812 (7th Cir. 1992). More importantly, common sense dictates such a conclusion. As Judge Trott stated:

> I reject as almost whimsical the notion that Congress could have intended such a radical result as bringing prisoners within the FLSA without expressly so stating.

Gilbreath, 931 F.2d at 1325. This court agrees.

The court shall, on its own motion, dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, a court may dismiss sua sponte where it is patently obvious that the plaintiff(s)

cannot prevail on the facts alleged, and allowing an opportunity to amend would be futile.

Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).   Plaintiffs' complaint is

accordingly dismissed at this time.

IT IS SO ORDERED this _14_ day of _January_, 1993.

FRANK H. SEAY
UNITED STATES DISTRICT JUDGE

7 F.3d 971, 126 Lab.Cas. P 33,037, 1 Wage & Hour Cas.2d (BNA) 1109
**(Cite as: 7 F.3d 971)**

United States Court of Appeals,
Tenth Circuit.
Alton C. FRANKS, Joseph Osborne, Michael Tidwell, Terry Lee Steward, John Timko, Phillip Sparks, James Vaughn, Frederick Giles, Lance Foster, Robert Mohundro, Jesse Thomas, Chester Lyons, Billy Ray Walters, Harold Huntley, Robert Schneider, Timothy Clark, Jerry Hallmark, Kelvin Moore, Delfino Porras, Archie Rose, Darrell Allen, George Wright Smith, John Tarapen, Ed Blaskovic, James Claborn, Wesley Edwards, John McPhail, T.L. Rhine, Kenneth Burns, Stephen Jones, Rickey Wyatt, Arthur Brown, Wayne Easter, James Pope, Larry Butcher, Randall Swanson, Justin Samuel, Jackie Parret, Charles Peters, Jack Henry, Robert Deal, Billy Thomas, Larry Ned, Paul Quick, Andrew Barboza, Tyrone Williams, Mark Chester, Frank McQueen, Elza Nash, Stephen Chronister, Marvin Morris, Paul Sanders, Robert Eugene King, Elvin Fagans, Gilbert Payne, David Speaks, Calvin Barnett, James Wallace Wolfe, Dennis Milligan, Ronnie McGowan, Virgel Miles, Jerry Lee Stiles, Duane Cronic, representative party plaintiffs on behalf of all other inmates employed or formerly employed by Oklahoma State Industry,
Plaintiffs–Appellants,
v.

OKLAHOMA STATE INDUSTRIES; Max Newberry, Administrator; Gary D. Maynard, former Director of the Oklahoma Department of Corrections; Larry Fields, Director of the Oklahoma Department of Corrections; Jim Westbrook, Industry Coordinator; Danny Wilson, Industry Manager; Paul Ridgway, Industry Manager; M.C. Ridgeway, Industry Manager; Don Pope, Industry Manager; Ron Jackson, Industry Manager; Richard Hall, Industry Manager; Betty Ward, Industry Manager; Jim Dodd, Industry Manager; Roy Beason, Industry Manager; Bill Jock, Industry Manager; Leroy Bond, Industry Coordinator; Mike Stroll, Industry Manager; John Hammer, Industry Manager; Sharon Schaffer, Industry Manager; Bill Carpenter, In-

dustry Manager; Roger Glenn, Industry Manager; Les Guttert, Supt. I; Fidel Lujan, Industry Manager; Laura Webb, Industry Manager; Nanette Holt, Industry Manager; Alex Lunn, Industry Manager; Leon Moore, Industry Coordinator; Wayne London, Industry Manager; Darryl Rhoads, Industry Manager; Charles Kelly, Industry Manager; Harold Cantrell, Industry Manager; George Dugan, Industry Manager; Gary Franks, Industry Manager; Shirley Turner, Industry Manager; Ken Grothe, Industry Manager; Bob Tomlinson, Industry Coordinator; Danny Brown, Industry Manager; Charles Harris, Industry Manager; Jess Towell, Industry Manager; Frank Hudson, Industry Manager; Bobby Boone, Warden; Dan Reynolds, Warden; Jack Cowley, Warden; Neville Messey, Warden; Edward Evens, Warden; L.L. Young, Warden; Ron Champion, Warden, Defendants–Appellees.

No. 93–7020.
Oct. 18, 1993.

Inmates sought declaratory and injunctive relief, back wages and damages claiming that they were employees entitled to overtime under Fair Labor Standards Act (FLSA). The United States District Court for the Eastern District of Oklahoma, Frank Howell Seay, Chief Judge, dismissed complaint. Inmates appealed. The Court of Appeals, Barrett, Senior Circuit Judge, held that FLSA's definition of "employee" does not extend to inmates working in prison.

Affirmed.

West Headnotes

**[1] Labor and Employment 231H €══2244**

231H Labor and Employment
   231HXIII Wages and Hours
      231HXIII(B) Minimum Wages and Overtime Pay
      231HXIII(B)2 Persons and Employments Within Regulations

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

7 F.3d 971, 126 Lab.Cas. P 33,037, 1 Wage & Hour Cas.2d (BNA) 1109
**(Cite as: 7 F.3d 971)**

231Hk2244 k. Inmates. Most Cited Cases

(Formerly 232Ak1124 Labor Relations)

Fair Labor Standards Act's (FLSA) definition of "employee" does not extend to inmates working in prison. Fair Labor Standards Act of 1938, § 3(e)(2)(C), 29 U.S.C.A. § 203(e)(2)(C).

**[2] Labor and Employment 231H 2244**

231H Labor and Employment

231HXIII Wages and Hours

231HXIII(B) Minimum Wages and Overtime Pay

231HXIII(B)2 Persons and Employments Within Regulations

231Hk2244 k. Inmates. Most Cited Cases

(Formerly 232Ak1124 Labor Relations)

Economic reality test for determining whether a person is an "employee" within meaning of Fair Labor Standards Act (FLSA) was not intended to apply to work performed in prison by prison inmate. Fair Labor Standards Act of 1938, § 3(e)(2)(C), 29 U.S.C.A. § 203(e)(2)(C).

**\*972** Alton C. Franks, et al., pro se, on the brief.

Before McKAY, BARRETT and SETH, Circuit Judges.

BARRETT, Senior Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

[1] Alton C. Franks, et al., (Plaintiffs), appearing *pro se,* appeal the district court's order dismissing their complaint wherein they sought a decree directing the Oklahoma State Industries, a division of the Oklahoma Department of Corrections, to tender to them minimum wages alleged to be due

pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* The Plaintiffs sought declaratory and injunctive relief, back wages and damages. The district court, in a well-reasoned order, (Vol. I, Tab 5), dismissed Plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that Congress did not intend to extend the FLSA's definition of "employee," 29 U.S.C. § 203(e)(2)(C), to inmates working in prison. We agree that the complaint failed to state a claim upon which relief can be granted.

The district court observed that although *Williams v. Meese,* 926 F.2d 994 (10th Cir.1991) did not deal with the minimum wage standard of the FLSA as applied to prison labor, it did hold that a federal prison inmate was not an "employee" under Title VII, the Equal Pay Act, or the Age Discrimination in Employment Act (ADEA). The court held:

... We conclude that plaintiff is not an "employee" under either Title VII or the ADEA because his relationship with the Bureau of Prisons, and therefore, with the defendants, arises out of his status as an inmate, not an employee. Although his relationship with defendants may contain some elements commonly present in an employment relationship, it arises "from [plaintiff's] having been convicted and sentenced to imprisonment in the [defendants'] correctional institution. The primary purpose of their association [is] incarceration, not employment." Prisoner Not Protected From Racial Job Bias, 2 Empl.Proc.Guide (CCH) ¶ 6865, at 7009 (April 18, 1986) (EEOC Decision No. 86–7).

*Id.* at 997.

We believe that the same rationale applies in the instant case.

In *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir.1986), we held that an inmate has no right to a job in the prison or to any particular job assignment, but that prison officials cannot discriminate against an inmate based upon his age, race or han-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

dicap.

In *Gilbreath v. Cutter Biological, Inc.,* 931 F.2d 1320 (9th Cir.1991), Judge Trott reasoned that the FLSA's minimum wage protection was not intended by Congress to extend to felons serving time in prison. Judge Nelson dissented. Judge Rymer concurred but expressly refused to reach the issue. Judge Trott opined:

... Not a word can be found anywhere in the relevant statutes or authorities indicating an intent by Congress to include such a distinctive class of "workers" [convicted murderers, rapists, burglars, armed robbers, swindlers, thieves, and the like] in the FLSA ... [it is] singularly unconvincing ... that the statutory scheme's *failure* to include "prisoners" on ... "an extensive list" of workers who are excepted expressly from FLSA coverage provides somehow a rationale to bring them within the statute's mandate.... It is equally plausible, indeed more so, that in view of the manifest*973 purpose of Congress in enacting the FLSA, it did not cross any member's mind—even for a moment—that felons serving hard time in prison and working in the process would be covered by this economic protection.

*Id.* at 1325.

*See* also: *Miller v. Dukakis,* 961 F.2d 7 (1st Cir.), *cert. denied,* 506 U.S. 1024, 113 S.Ct. 666, 121 L.Ed.2d 590 (1992) (holding that Sexually Dangerous Persons who have been committed to the Massachusetts Treatment Center are prisoners for wage purposes, not entitled to minimum wages under the FLSA as employees); *Hale v. State of Ariz.,* 967 F.2d 1356 (9th Cir.1992), rehearing *en banc,* 993 F.2d 1387 (9th Cir.1993), pet. for cert. filed, 62 USLW 3166 (Sept. 1, 1993, case No. 93–353) (while refusing to hold that, as a matter of law, prisoners may never be "employees" of a prison, held that inmates working for a prison, in a program structured by the prison pursuant to state law requiring prisoners to work at hard labor are not "employees" entitled to minimum wages pursuant

to the FLSA); *Alexander v. Sara, Inc.,* 721 F.2d 149, 150 (5th Cir.1983) (state prison inmates performing work on prison grounds for a profit-making private entity under contract with Dept. of Corrections are not employees entitled to minimum wage coverage under FLSA); *Emory v. United States,* 2 Cl.Ct. 579, 580, *aff'd,* 727 F.2d 1119 (Fed.Cir.1983); *Wentworth v. Solem,* 548 F.2d 773, 775 (8th Cir.1977) (FSLA's minimum wage coverage does not extend to convicts working in state prison industries). *Also see Watson v. Graves,* 909 F.2d 1549 (5th Cir.1990) (inmates in work release program working for private employers who select the inmates held to be employees entitled to minimum wage coverage of FLSA); *Carter v. Dutchess Community College,* 735 F.2d 8 (2nd Cir.1984) (prisoners as a class are not expressly exempted from FLSA coverage; inmates employed by community college within prison as teaching assistants may be covered under the economic reality test).

[2] In *Doty v. Elias,* 733 F.2d 720 (10th Cir.1984), we held that in determining whether an individual is an "employee" within the meaning of the FLSA, the court must look to the economic realities of the relationship:

... The focal point in deciding whether an individual is an employee is whether the individual is economically dependent on the business to which he renders service ... or is, as a matter of economic fact, in business for himself ... In applying this test, the courts generally focus on five factors: (1) the degree of control exerted by the alleged employer over the worker, (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; and (5) the degree of skill required to perform the work.

*Id.* at 722–23.

In our view, the economic reality test was not intended to apply to work performed in the prison by a prison inmate.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

7 F.3d 971, 126 Lab.Cas. P 33,037, 1 Wage & Hour Cas.2d (BNA) 1109
**(Cite as: 7 F.3d 971)**

**AFFIRMED.**

C.A.10 (Okl.),1993.
Franks v. Oklahoma State Industries
7 F.3d 971, 126 Lab.Cas. P 33,037, 1 Wage & Hour
Cas.2d (BNA) 1109

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# ATTACHMENT 2

## *Barnett v. Ray*, No. CIV-09-176-JHP-SPS
## (E.D. Okla. Jan. 22, 2010).

- Order dismissing action.

- Judgment entered on January 22, 2010.

- *Barnett*, No. 10-7007 (10th Cir. Aug. 23, 2010), dismissing frivolous appeal.

- Notification that the petition for certiorari in Case No. 10-7674 was denied on January 24, 2011.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN EUGENE BARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-09-176-JHP-SPS |
| | ) |
| CHARLES RAY; ROBERT EZELL; BILL | ) |
| BOYD; DENNIS JOHNSON; YANDELL; | ) |
| MRS. CARTWRIGHT; MRS. MOORE; and | ) |
| BREWER; | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 24).

Defendants request dismissal of Plaintiff's action on the grounds that it is barred by

Oklahoma's statute of limitations. In Oklahoma, the statute of limitations for a civil rights

cause of action is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

Section 1983 claims accrue , for the purpose of the statute of limitations, "'when the plaintiff

knows or has reason to know of the injury which is the basis of his action.'" *Singleton v.*

*City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981)

(quoting *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977), *cert. denied*, 444 U.S.

842 (1979)).    Although Plaintiff's Complaint does not specify when the defendants

"knowingly and intentionally confiscated; destroyed Petitioner (sic) property, without due

process of law," on September 2, 2009, Plaintiff filed a brief in which he states that the

institutional shakedown in which his headphones were broken occurred on May 4, 2005

(Doc. 31). Plaintiff's claims, therefore, accrued in May, 2005. Thus, Plaintiff had until May 4, 2007 to file this action.

Plaintiff originally filed his § 1983 Complaint on April 28, 2008. *See, Barnett v. Ray;* CIV-08-157 (Doc. 1). That action was dismissed without prejudice on September 4, 2008 for failure to pay the filing fee as directed by the court. *Id.,* Docs. 16 and 17. Since the original complaint was not timely filed, this Court finds the statute of limitations bars Plaintiff's § 1983 cause of action.

Accordingly, this Court finds the Defendants' Motion to Dismiss (Doc. 24) should be and hereby is GRANTED. Additionally, this Court finds Plaintiff's Motion for Hearing (Doc. 25), Plaintiff's Motion for Summary Judgment (Doc. 31), Plaintiff's Motion for Default Judgment against all defendants (Doc. 38), Plaintiff's Motion to Quash (Doc. 41), and Plaintiff's Motion to Stay (Doc. 42) are DENIED, as moot.

It is so ordered on this _22nd_ day of January, 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CALVIN EUGENE BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-176-JHP-SPS |
| | ) | |
| CHARLES RAY; ROBERT EZELL; BILL | ) | |
| BOYD; DENNIS JOHNSON; YANDELL; | ) | |
| MRS. CARTWRIGHT; MRS. MOORE; and | ) | |
| BREWER; | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

This matter came before the Court on the Defendants' Motions to Dismiss. The Court

duly considered the issues and rendered a decision thereon.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment is

hereby entered for Defendants and against the Plaintiff.

It is so ordered on this  22nd  day of January, 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma

FILED
United States Court of Appeals
Tenth Circuit

August 23, 2010

# UNITED STATES COURT OF APPEALS

Elisabeth A. Shumaker
Clerk of Court

## FOR THE TENTH CIRCUIT

---

CALVIN EUGENE BARNETT,

    Plaintiff-Appellant,

v.

CHARLES RAY, Warden; ROBERT
EZELL, Assistant Warden; BILL
BOYD, Assistant Warden; DENNIS
JOHNSON, Chief of Security;
YANDELL; CARTWRIGHT, Property
Officer; MOORE, Librarian Officer;
BREWER, Unit Manager,

    Defendants-Appellees.

No. 10-7007
(D.C. No. 6:09-CV-00176-JHP-SPS)
(E.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

---

Plaintiff-appellant Calvin Eugene Barnett, appearing pro se and in forma

pauperis, appeals the order of the district court dismissing his 42 U.S.C. § 1983

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint as untimely and ruling that other outstanding motions were moot. Our jurisdiction arises under 28 U.S.C. § 1291. We review the dismissal of a complaint for failure to comply with the applicable statute of limitations de novo, *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998), and we dismiss this appeal as frivolous.

On April 28, 2008, Mr. Barnett filed his original complaint in the district court. That action was dismissed without prejudice for failure to pay the initial partial filing fee, a disposition affirmed by this court on appeal. *Barnett v. Ray*, 320 F. App'x 823, 823 (10th Cir. 2009).

In his latest complaint, filed on May 5, 2009, Mr. Barnett charges that defendants acted under state law but, other than reciting various legal platitudes and alleging that defendants deprived him of "his personal and legal Property interest," R. at 10, the complaint does not tell us what happened to him to occasion this lawsuit. From the order of the district court and his opening brief on appeal, however, we learn that defendants, during a shake-down at the prison in which he was being held, allegedly confiscated Mr. Barnett's head phones, damaged them, and then refused to allow him to mail them to his home. Mr. Barnett states in his brief that the shake-down occurred on May 4, 2005.

"In a civil rights action brought under 42 U.S.C. § 1983, we apply the applicable state statute of limitations." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). At the time of the alleged incident, Mr. Barnett was an inmate

-2-

of the Oklahoma Department of Corrections, incarcerated in Holdenville, Oklahoma. We therefore apply Oklahoma's two-year statute of limitations for "injury to the rights of another, not arising on contract, and not hereinafter enumerated." Okla. Stat. Ann. tit. 12, § 95(3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Thus, to be timely, Mr. Barnett's complaint needed to have been filed on or before May 4, 2007. Because Mr. Barnett's original complaint was not filed until April 28, 2008, well after the expiration of the two-year limitations period, the district court did not err in dismissing this case.

Mr. Barnett's argument that the district court was misled by defendants' attorney is completely unsupported. Because his complaint was untimely, dismissal was proper, and none of the other issues raised in Mr. Barnett's briefs will be addressed. Because Mr. Barnett "has failed to present any legal theory which could conceivably refute the district court's disposition, his appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)." *Davis v. Kan. Dep't Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007). We therefore assess Mr. Barnett a strike as provided under 28 U.S.C. § 1915(g) for this frivolous appeal. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 781 (10th Cir. 1999).

-3-

This appeal is DISMISSED as frivolous.  Mr. Barnett is reminded of his
obligation to continue making partial payments of his appellate filing fee until the
entire balance is paid in full.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

6:12-cv-00354-FHS-SPS   Document 12   Filed in ED/OK on 11/15/12   Page 22 of 43

6:09-cv-00176-JHP -SPS   Document 56   Filed in ED/OK on 01/25/11   Page 1 of 1
Appellate Case: 10-7007   Document: 01018573668   Date Filed: 01/25/2011   Page: 1

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

January 24, 2011

Clerk
United States Court of Appeals for the Tenth
Circuit
Byron White Courthouse
1823 Stout Street
Denver, CO  80257

      Re:  Calvin Eugene Barnett
           v. Jim Keith, Warden, et al.
           No. 10-7674
           (Your No. 10-7007)

Dear Clerk:

      The Court today entered the following order in the above-entitled case:

      The petition for a writ of certiorari is denied.

                  Sincerely,

                  *William K. Suter*

                  **William K. Suter**, Clerk

# ATTACHMENT 3

### *Barnett v. Corr. Corp. of Am.*, No. CIV 10-348-RAW-SPS (E.D. Okla. July 21, 2011)

- Opinion and Order dismissing action.
- *Barnett*, No. 11-7052 (10th Cir. 2011), affirming dismissal.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

FILED

JUL 2 3  201:

|  |  |  |
|---|---|---|
| CALVIN EUGENE BARNETT, | ) | |
| | ) | WILLIAM : ?GUTHRIE |
| | ) | Clerk, U.S. Dist. of Court |
| Plaintiff, | ) | By _____ Deputy Clerk |
| | ) | |
| v. | ) | **No. CIV 10-348-RAW-SPS** |
| | ) | |
| **CORRECTIONS CORPORATION** | ) | |
| **OF AMERICA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This action is before the court on the defendants' motion to dismiss pursuant to Fed.

R. Civ. P. 12(b)(6). Plaintiff, an inmate in the custody of the Oklahoma Department of

Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma,

brings this action under the authority of 42 U.S.C. § 1983. He is seeking relief for alleged

constitutional violations during his incarceration at Davis Correctional Facility (DCF), a

private prison in Holdenville, Oklahoma. The defendants are Corrections Corporation of

America, the Owner(s) of Correctional Corporation of America, DCF Assistant Warden

Robert Ezell, Bill Boyd, DCF Chief of Security Dennis Johnson, DCF Unit Manager Brian,

and DCF Captain Berry.

Plaintiff's complaint is scant and vague, but he is alleging the defendants had actual

knowledge of a serious danger to two inmates but failed to protect them, resulting in the

death of Inmate Nathan Gerrod Houston. He also asserts he was transferred from DCF on

March 28, 2007, and charged with First Degree Murder on June 19, 2007 (Docket #1 at 4,

8).

The defendants allege plaintiff's claim is barred by the two-year statute of limitations. According to the defendants, plaintiff was transferred from Davis Correctional Facility to Oklahoma State Penitentiary on March 28, 2007, following his being issued a misconduct for murdering his cellmate Nathan Gerrod Houston. The defendants, therefore, assert plaintiff was not incarcerated at DCF for the two years immediately preceding the filing of his complaint on September 22, 2010.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citations omitted).

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall*, 935 F.2d at 1110.

The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Although plaintiff's complaint does not set forth specific dates for alleged constitutional violations, he is claiming his constitutional rights were violated while he was incarcerated at Davis Correctional Facility,

2

and the complaint clearly states he left DCF on March 28, 2007.

Plaintiff's response to the defendants' motion to dismiss alleges he did not realize

"what the defendants had done to him" until his murder trial (Docket #32 at 2). He however,

has failed to set forth what he discovered during the trial process, and he has not presented

any factual circumstances that would justify equitable tolling.

> [T]he Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or *in the exercise of reasonable diligence,* should have known of or discovered the injury, and resulting cause of action." *Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992). Therefore, if defendants engage in "false, fraudulent or misleading conduct" calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered. *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla. 1987); *see also Hurt v. Garrison,* 133 P.2d 547, 550 (1942) (holding a statute of limitations tolled during a period of fraudulent concealment).

*Alexander v. Oklahoma,* 382 F.3d 1206, 1217 (10th Cir. 2004) (emphasis in original). The

court finds no basis for tolling the two-year statute of limitations.

**ACCORDINGLY,** the defendants' motion to dismiss (Docket #24) is GRANTED,

and this action is, in all respects, DISMISSED, pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** this $\underline{21^{st}}$ day of July 2011.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

**November 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

CALVIN EUGENE BARNETT,

Plaintiff - Appellant,

v.

CORRECTION CORPORATION OF
AMERICA; OWNER OR OWNERS OF
CCA; ROBERT EZELL; BILL BOYD;
BRIAN (LNU), United Manager; BERRY
(LNU), Captain,

Defendant - Appellees.

No. 11-7052
(D.C. No. 6:10-CV-00348-RAW-SPS)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Plaintiff-Appellant Calvin Barnett is an inmate in the custody of the Oklahoma

_____

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

6:12-cv-00354-FHS-SPS   Document 12   Filed in ED/OK on 11/15/12   Page 28 of 43

6:10-cv-00348-RAW-SPS   Document 45   Filed in ED/OK on 12/12/11   Page 2 of 4
Appellate Case: 11-7052   Document: 01018747814   Date Filed: 11/18/2011   Page: 2

Department of Corrections. On September 22, 2010, Mr. Barnett filed a *pro se* complaint under 42 U.S.C. § 1983, charging certain corporate owners and employees of the Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma, of violating his constitutional rights. In response to the defendants' Rule 12(b)(6) motion to dismiss, the district court dismissed the complaint as time barred under the statute of limitations. Mr. Barnett appealed.

We review a 12(b)(6) dismissal *de novo*, construing all facts and inferences in the light most favorable to the appellant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). Because Mr. Barnett is proceeding *pro se*, this court reviews the record and construes his pleadings liberally. *Id.* at 1125.

Mr. Barnett's complaint is vague and lacks detail, but he seems to allege that the defendants knew of a danger to two inmates—himself and his cell mate, Nathan Gerrod Houston—apparently as a result of conflict and likely violence between them.[1] Mr. Barnett contends he told the defendants that he feared for his life, but they did nothing to protect the two inmates from one another. According to Mr. Barnett, this failure to act caused Mr. Houston's death. Mr. Barnett was transferred from DCF on March 28, 2007, shortly after the death, and was charged with first degree murder on June 19, 2007. *Barnett v. Corrections Corp. of America*, 2011 WL 2971969 at *1 (E.D. Okla. Jul. 21, 2011). He has not returned to DCF. *Id.*

---

[1]In his complaint, Mr. Barnett states defendants knew "of the substantial risk . . . and harm, that either inmate, could have easy (sic) brought up on the other."

6:12-cv-00354-FHS-SPS   Document 12   Filed in ED/OK on 11/15/12   Page 29 of 43

6:10-cv-00348-RAW-SPS  Document 45   Filed in ED/OK on 12/12/11   Page 3 of 4
Appellate Case: 11-7052    Document: 01018747814    Date Filed: 11/18/2011    Page: 3

The limitations period for a § 1983 claim is governed by the forum state's
limitation for personal injury actions. *Frederick v. Oklahoma*, 42 F.3d 1406, 1406 (10th
Cir. 1994). In Oklahoma, this period is two years. Okla. Stat. tit. 12 § 95(A)(3); *Meade
v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Although Mr. Barnett's complaint does
not specify the date of the alleged constitutional violations, he contends the violations
occurred while he was an inmate at DCF and before Mr. Houston's death. Thus, the
action accrued no later than his transfer date of March 28, 2007. The statute of
limitations therefore ran on March 28, 2009—more than a year before this complaint was
filed. When a complaint shows on its face that the applicable statute of limitations has
expired, dismissal for failure to state a claim is appropriate. *Frederick*, 42 F.3d at 1406.

Mr. Barnett argues, however, that he is entitled to equitable tolling because he was
not aware of the § 1983 violation until October 2009. Under Mr. Barnett's theory, the
statute of limitations would not have run until October 2011, making his complaint
timely. State law governs tolling in § 1983 cases. *Fogle v. Pierson*, 435 F.3d 1252, 1258
(10th Cir. 2006). Oklahoma discovery rules toll the statute of limitations "until an
injured party knows of, or, *in the exercise of reasonable diligence,* should have known of
or discovered the injury." *Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992).

Unfortunately, Mr. Barnett has not explained why he failed to discover the injury
earlier, nor does he provide any reason why the court should find that he exercised
reasonable diligence in spite of this failure. To the contrary, Mr. Barnett's own
complaint requires an inference that he was, from the very beginning, aware of the key

-3-

6:12-cv-00354-FHS-SPS   Document 12   Filed in ED/OK on 11/15/12   Page 30 of 43

6:10-cv-00348-RAW-SPS   Document 45   Filed in ED/OK on 12/12/11   Page 4 of 4
Appellate Case: 11-7052   Document: 01018747814   Date Filed: 11/18/2011   Page: 4

facts underlying his claim:  he claims he personally told the defendants of his concerns

and they failed to separate him from his cellmate.

We find that the district court was correct in finding no grounds for equitable

tolling.  As such, the order dismissing this action is AFFIRMED.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

# ATTACHMENT 4

## *Barnett v. Capital Corr. Resources*, No. CIV-W-00-CA-069-WSS (W.D. Tex. May 9, 2001)

- Magistrate Judge's Report and Recommendation, entered March 14, 2011.
- Order dismissing action as frivolous.
- Judgment entered May 9, 2001.
- *Barnett*, No. 01-50934 (5th Cir. June 19, 2002), dismissing appeal as frivolous.

FILED

MAR 14 2001

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## WACO DIVISION

| | | |
|---|---|---|
| CALVIN EUGENE BARNETT, | * | |
| **Plaintiff,** | * | |
| | * | |
| VS. | * | CIVIL NO. W-00-CA-069 |
| | * | |
| CAPITAL CORRECTIONAL | * | |
| RESOURCES, INC., ET AL., | * | |
| **Defendants.** | * | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE WALTER S. SMITH, JR.**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. §
636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the
United States District Court for the Western District of Texas, Local Rules for the Assignment of
Duties to United States Magistrate Judges.

### I. Background

Plaintiff, Calvin Eugene Barnett, filed this action pursuant to Title 42 U.S.C. § 1983. He is
presently incarcerated by the State of Oklahoma at the Lawton Correctional Facility, at Lawton, but
was incarcerated at the Limestone County Detention Center ("LCDC") at the time his cause of action
arose. Plaintiff names as Defendants Vincent Knight, Capital Correctional Resources, Inc., Jim
Brewer, Doyle Coslin, Carl White, Jim H. Gant, C. Jones, T.R. Decordova, R. O'Pry, Billy Kent, R.
Walker, J. Ledet, Wanda Williams and Danny Harding.

Defendant Knight has moved to dismiss in this separate motion. Plaintiff has responded.

*33*

## II. Discussion

### A. Personal Jurisdiction

Defendant Knight asserts that he does not have minimum contacts with the LCDC or any person or entity in Texas necessary to vest the Court with personal jurisdiction over him. Knight states that he is the former General Counsel for the Oklahoma Department of Corrections, and the only arguable connection he had with Texas was his review of the contract between the Oklahoma Department of Corrections and the LCDC. Defendant's Motion, 2-3. Plaintiff has not alleged sufficient contacts to vest this Court with jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff agrees that the Court is without jurisdiction, although for different reasons. *See* Plaintiff Barnett's Reply to Motion to Dismiss. Without personal jurisdiction over Defendant Knight, this Court may not hear Plaintiff's claim against Defendant Knight, and must grant Knight's Motion to Dismiss.

## III. Recommendation

It is the conclusion and recommendation of the undersigned that Defendant's Motion should be granted.

The Plaintiff may wish to file objections to this recommendation. Failure to file written objections to the findings and recommendations contained in this report within ten (10) days from the date of its receipt shall bar an aggrieved party from receiving a *de novo* review by the District Court of the findings and recommendations contained herein, *see* 28 U.S.C. § 636(b)(1)(C), and shall bar an aggrieved party "except upon grounds of plain error" from attacking on appeal the unobjected-to

2

proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v.*

*United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

The Clerk is directed to mail a copy of the instant recommendation to Plaintiff, return receipt

requested, and to all other parties by regular mail.

**SIGNED** this _____ day of March, 2001.

**DENNIS G. GREEN**
**UNITED STATES MAGISTRATE JUDGE**

3



**FILED**

## IN THE UNITED STATES DISTRICT COURT

MAY 0 9 2001

## FOR THE WESTERN DISTRICT OF TEXAS



### WACO DIVISION

| | | |
|---|---|---|
| CALVIN EUGENE BARNETT, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. W-00-CA-069 |
| | § | |
| CAPITAL CORRECTIONAL | § | |
| RESOURCES, INC., et al., | § | |
| **Defendants.** | § | |

## O R D E R

This case was referred to the United States Magistrate Judge for the Western

District of Texas, Waco Division, for findings and recommendations, pursuant to 28

U.S.C. § 636(b). The Court received two separates reports from the Magistrate

Judge, which were filed on March 14, 2001. Plaintiff filed objections on April 6,

2001, thus requiring a de novo review on appeal of the findings and recommenda-

tions. See Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).

Plaintiff brings this action under the provisions of Title 42, United States Code,

Section 1983 ("§ 1983") and is before the Court pro se. Plaintiff is currently

incarcerated in the state of Oklahoma. The basis of his complaint is that his

constitutional rights were violated when he was housed at the Limestone County

Detention Center pursuant to a contract with Oklahoma. Each of the Defendants

has moved for dismissal or summary judgment.

38

The Magistrate Judge, in a careful and thorough review of the case and applicable law, has recommended that the Defendants' dispositive motions be granted. Having conducted a de novo review of the pleadings, the dispositive motions, the summary judgment proof, and Plaintiff's objections, the Court is of the opinion that the Magistrate Judge's findings and recommendation should be adopted. Defendant Knight has insufficient minimum contact with the State of Texas to justify personal jurisdiction over him. Defendants Coslin, White and Brewer may not be held vicariously liable merely on the basis of their supervisory positions. Plaintiff's claims relating to his classification, grievances, conditions of confinement and placement in administrative segregation have either no factual basis or provide no basis for a constitutional deprivation. Finally, Plaintiff's claims related to excessive force and lack of medical care are not supported by the summary judgment proof. In fact, Plaintiff's own statements in regard to the facts are contradictory and inconsistent. As such, the Court is persuaded that Plaintiff's claims in this regard are fabrications. The affidavit of Tyrone L. Farris, to which Plaintiff refers, does not support Plaintiff's claims because it is based merely upon hearsay statements made by Plaintiff. Accordingly, it is

**ORDERED** that the Magistrate Judge's findings and recommendations in both reports are **ADOPTED**. It is further

**ORDERED** that Defendant Knight's Motion to Dismiss is **GRANTED**. It is further

2

**ORDERED** that the Motion for Summary Judgment filed by the remaining

Defendants is **GRANTED**. The Court further finds that Plaintiff's claims are frivolous

and that his in forma pauperis status should be revoked. It is further

**ORDERED** that any motions not previously ruled upon by the Court are

**DENIED.**

     **SIGNED** this ___9___ day of May, 2001.

**WALTER S. SMITH, JR.**
**United States District Judge**



**FILED**

### IN THE UNITED STATES DISTRICT COURT

MAY 0 9 2001

### FOR THE WESTERN DISTRICT OF TEXAS



CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
-Y _____

### WACO DIVISION

| | | |
|---|---|---|
| CALVIN EUGENE BARNETT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. W-00-CA-069 |
| | § | |
| CAPITAL CORRECTIONAL | § | |
| RESOURCES, INC., et al., | § | |
|     Defendants. | § | |

### J U D G M E N T

In accordance with the Order adopting the Magistrate Judge's Reports and

Recommendation, the Court enters its Judgment as follows:

**IT IS ORDERED, ADJUDGED and DECREED** that Plaintiff's claims against

Defendant Knight are **DISMISSED** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Plaintiff **TAKE**

**NOTHING** in his claims against the remaining Defendants.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Plaintiff's <u>in</u>

<u>forma</u> <u>pauperis</u> status is **REVOKED** because the Court has determined his claims

are frivolous.

**SIGNED** this _9_ day of May, 2001.

**WALTER S. SMITH, JR.**
**United States District Judge**

39

# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 01-50934
Summary Calendar

D.C. Docket No. W-00-CV-69

U.S. COURT OF APPEALS

**F I L E D**

JUN 1 9 2002

CHARLES R. FULBRUGE III
CLERK

CALVIN EUGENE BARNETT

Plaintiff - Appellant

v.

CAPITAL CORRECTIONAL RESOURCES INCORPORATED (CCRI); JIM
BREWER; LARRY FIELDS; VINCENT KNIGHT; TOM BRENNAN; DOYLE
COSLIN; CARL WHITE; JIM H GANT; C JONES; T R DECARDOVA; R
O'PRY; BILLY KENT; R WALKER; J LEDET; WANDA WILLIAMS; DANNY
HARDING

Defendants - Appellees

Appeal from the United States District Court for the
Western District of Texas, Waco.

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the
briefs on file.

It is ordered and adjudged that the appeal is dismissed as
frivolous.

ISSUED AS MANDATE:  JUL 1 1 2002

47

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit

By _____
Deputy
New Orleans, Louisiana   JUL 1 1 2002

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

No. 01-50934
Summary Calendar

JUN 1 9 2002

**CHARLES R. FULBRUGE III**
**CLERK**

CALVIN EUGENE BARNETT,

Plaintiff-Appellant,

versus

CAPITAL CORRECTIONAL RESOURCES INCORPORATED (CCRI);
JIM BREWER; LARRY FIELDS; VINCENT KNIGHT; TOM BRENNAN;
DOYLE COSLIN; CARL WHITE; JIM H. GANT; C. JONES; T.R. DECARDOVA;
R. O'PRY; BILLY KENT; R. WALKER; J. LEDET; WANDA WILLIAMS;
DANNY HARDING,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-69
--------------------

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Calvin Eugene Barnett, Oklahoma prisoner # 89599, appeals
the district court's dismissal of his 42 U.S.C. § 1983 civil
rights action. Barnett's motion for default judgment is DENIED.
Barnett argues that he has a right to have the Tenth Circuit
Court of Appeals review the Oklahoma judge's decision to transfer

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 01-50934
-2-

the case to the Western District of Texas.  He contends that the

transfer order was final and reviewable by the Tenth Circuit at

the time it was issued.  The Oklahoma district court's order

transferring this case to Texas as the correct venue pursuant to

28 U.S.C. § 1406(a) was not a final appealable order which

Barnett could appeal to the Tenth Circuit.  FDIC v. McGlamery, 74

F.3d 218, 221-22 (10th Cir. 1996); Brinar v. Williamson, 245 F.3d

515, 517-18 (5th Cir. 2001).  The transfer order was subject to

indirect review in the Texas district court and in this court

upon Barnett's motion for retransfer of the case back to

Oklahoma.  McGlamery, 74 F.3d at 221.  Barnett does not argue the

merits of his motion to retransfer in this appeal.

Barnett argues that he was denied due process at his

disciplinary hearing for a March 19, 1997, infraction because

Billy Kent, the correctional officer who allegedly beat him up on

February 28, 1997, sat as chairman of his disciplinary board for

the disciplinary infraction he received on March 19 for not

obeying an order.  Barnett acknowledged in his complaint and his

disciplinary records show that the punishment he received for the

disciplinary infraction of March 19, 1997, was 15 days'

administrative segregation and 15 days' suspension of privileges.

Barnett's punishments were not sufficiently severe to entitle him

to due process protections in connection with the disciplinary

proceedings in question.  Sandin v. Conner, 515 U.S. 472, 484

(1995).

No. 01-50934
-3-

Barnett argues that the defendants were not entitled to
qualified immunity because they were state actors, and that the
private prison employees were state actors, giving rise to
diversity jurisdiction. The district court did not decide that
any of the defendants was entitled to qualified immunity, or that
it did not have jurisdiction over any of the Texas defendants.
These arguments do not relate to what the district court actually
decided in its opinion. Barnett lists a series of decisions on
various motions by the district court judge and magistrate judge
in Oklahoma and the magistrate judge in Texas. He provides no
record cites, argument, or reasons for why he contends that the
judges abused their discretion in denying relief on the various
motions in question. Barnett's brief contains no record
citations, no citation to relevant legal authority, and no
identification of any error in the various rulings of which he
complains. He has not adequately briefed any arguments relating
to the list of challenged rulings. Grant v. Cuellar, 59 F.3d
523, 524 (5th Cir. 1995); Brinkmann v. Dallas County Deputy
Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP.
P. 28(a)(9)(A); 5TH CIR. R. 28.2.3.

Barnett's appeal is without arguable merit and is frivolous.
See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).
Because the appeal is frivolous, it is DISMISSED. See 5TH CIR.
R. 42.2. Barnett is hereby informed that the dismissal of this
appeal as frivolous counts as a strike for purposes of 28 U.S.C.

No. 01-50934
-4-

§ 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir.

1996).  We caution Barnett that once he accumulates three

strikes, he may not proceed IFP in any civil action or appeal

filed while he is incarcerated or detained in any facility unless

he is under imminent danger of serious physical injury.  See 28

U.S.C. § 1915(g).

    APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED.